BAILEY *v.* WAKEMAN, 2 Denio, 220.

In S. Ct. 2 Hill, 279.

*Evidence ; Partner.*

ASSUMPSIT by Wakeman and others, plaintiffs below, against Bailey for goods sold and delivered, &c. The facts were, as far as material, as follows : Vaill, one of the partners of the plaintiff below, in his life time, being in the country, purchased from the defendant Bailey, a sight draft on New York, which Bailey endorsed to the firm. Vaill then immediately

21

remitted it to his partners in a letter, in which he directed them to credit the draft to himself individually; after which the defendant became a buyer of goods from the firm to an amount *exceeding that of the draft.* The surviving partners of Vaill, who died before the suit was brought, refused to give Bailey credit for the draft, which he sought to set off against their demand. To repel the set off, they offered in evidence Vaill's letter to them enclosing the draft, in which he directs it to be credited to his individual account. The judge at the trial admitted the evidence, and the jury having found against the set off, a bill of exceptions was taken, and on a motion for a new trial,

The Supreme Court held the evidence *admissible*, and denied the motion, holding the letter admissible as a part of the *res gesta*, to show that the purchase was an individual transaction of Vaill, the deceased partner. But *on writ of* error from this judgment,

The Court of Errors held that the letter of the partner who purchased the draft was not competent evidence for the plaintiffs as a part of the *res gesta* to prove the purchase an individual transaction of Vaill, nor for any purpose whatever as evidence in their favor; and the judgment of the Supreme Court was *reversed* by a vote of 24 to 1.